**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>        Plaintiff,<br><br>   v.<br><br>JEROME J. MACK, et al.,<br><br>        Defendants. | Case No.: 1:18-cv-01504 JLT CDB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. 12) |

Durrell Anthony Puckett sought to proceed *in forma pauperis* in this action, in which he asserted the defendants violated his civil rights. Plaintiff filed a "motion to reconsider" related to the denial of his application to proceed *in forma pauperis* and dismissal of the action. (Doc. 12.) For the reasons set forth below, the motion is **DENIED**.

**I.     Background**

Plaintiff initiated this action by filing complaint on July 11, 2018. (Doc. 1.) After the matter was transferred to the Fresno Division, the Court ordered Plaintiff to show cause why his motion to proceed *in forma pauperis* should not be denied. (Doc. 8.) The Court observed: "[L]ess than a month prior to filing this action, Plaintiff had over $500 that could have been used to pay the filing fee. Instead, Plaintiff spent nearly $400 the same day he signed the Complaint and his application to proceed *in forma pauperis*, which was the day before he filed this action." (*Id.* at 1.) Plaintiff did not respond to the order to show cause.

The Court found that "Plaintiff clearly prioritized various purchases over his obligation to pay the filing fee in this action." (Doc. 9 at 3.) Thus, the Court recommended the motion to proceed *in forma pauperis* be denied and the case be dismissed without prejudice. (*Id.* at 4.) The District Judge adopted the Findings and Recommendations, denied the application to proceed *in forma pauperis*, and dismissed the action "without prejudice to refiling with prepayment of the filing fee." (Doc. 10 at 2.) The Court entered judgment on February 4, 2019. (Doc. 11.)

On November 25, 2024, Plaintiff filed a "Motion to Reconsider."[1] (Doc. 12.) Plaintiff asserts that "at all times [he] was indigent" and should have been permitted to proceed. (*Id.* at 1.) He also asserts that he was previously incompetent but is "now [in] sound… mind." (*Id.*)

## II. Applicable Legal Standards

It appears Plaintiff seeks relief from the entry of judgment and reconsideration of the Court's order dismissing the action. The Court construes the motion as filed under Rule 60(b) of the Federal Rules of Civil Procedure, because it was filed beyond the deadline imposed under Rule 59(e). *See Moore v. Mortg. Elec. Registration Sys., Inc.*, 650 F. App'x 406, 407 n.1 (9th Cir. 2016) (citing *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001) (a motion for reconsideration is treated as a motion under Federal Rule of Civil Procedure 59(e) if it is filed timely under that rule, and as a motion under Federal Rule of Civil Procedure 60(b) otherwise)).

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding." *Id.* Rule 60(b) indicates such relief may be granted "for the following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

---

[1] Plaintiff's filing bears two cases numbers: 1:18-cv-01504 and 1:18-cv-00955. (Doc. 12.) This order resolves Plaintiff's motion *only* as to the instant action, Case No. 1:18-cv-01504.

2

1  (4) the judgment is void;

2  (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

3  

4  (6) any other reason that justifies relief.

5  Fed. R. Civ. P. 60(b).

6  Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks & citations omitted).

**III.   Analysis**

Plaintiff does not identify any legal basis to support his request for reopening this case. (*See* Doc. 12.)  Nevertheless, the Court liberally construes Plaintiff's motion as one brought under Rule 60(b)(1) and Rule 60(b)(6).  In seeking reconsideration under Rule 60(b), a moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks, citation omitted).

**A.     Rule 60(b)(1)**

As an initial matter, a motion under Rule 60(b)(1) "must be made within a reasonable time," and "no more than a year after the entry of judgment."  Fed. R. Civ. P. 60(c)(1).  Because Plaintiff seeks relief more than 5 years after the Court entered judgment, his motion is untimely under Rule 60(b)(1).  *See* Fed. R. Civ. P. 60(c)(1); *see also Morton v. Twitter*, 2024 WL 2843031, at *1 (9th Cir. June 5, 2024) (observing that a "reasonable time" for a motion under Rule 60(b)(1) may be less than one year depending on the facts of the case, but absolutely no more than a year).

3

**B.     Rule 60(b)(6)**

A motion under Rule 60(b)(6) must simply be filed "within a reasonable time." But even under this generous criterion, Plaintiff's motion is untimely. *See, e.g., Burton v. Spokane Police Dep't*, 473 F. App'x 731 (9th Cir. 2012) (lapse of almost two years between judgment and filing of 60(b)(6) motion was unreasonable); *Lewis v. Cty. of San Bernardino,* 2017 WL 6883870 (C.D. Cal. Oct. 23, 2017) ("seeking relief … five years after the entry of judgment is untimely because the request has not been filed within a 'reasonable time'"). Further, Plaintiff fails to identify sufficient basis for the Court to reconsider denial of his motion to proceed *in forma pauperis* and dismissal of the action.

"To receive relief under Rule 60(b)(6), a party must demonstrate extraordinary circumstances which prevented or rendered him unable to prosecute his case." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (quotation marks omitted, modifications adopted). Plaintiff states he was previously "incompetent" but is now of sound mind. (Doc. 12 at 1.) However, Plaintiff does not provide any information regarding his alleged incompetence—including the duration of his incompetence, or whether there was a legal finding of such—to support his assertions. The conclusory statement that he was incompetent does not support the request for relief under Rule 60. *See Arellano v. Hodge*, 2024 WL 1298066, at *9 (S.D. Cal. Mar. 25, 2024) (finding the plaintiff did not show "extraordinary circumstances" warranting relief under Rule 60(b)(6) where he reported suffering "a severe mental breakdown," but his medical records and litigation history undermined his assertions regarding the severity of his symptoms and abilities); *Contreraz v. Director of CDCR*, Case No. 1:11-cv-01222-LJO-GSA, 2013 WL 1311169, at *1-2 (E.D. Cal. Mar. 19, 2013) (denying reconsideration of dismissal where the request was based, in part, upon the plaintiff's claim that he was "undergoing mental therapy"); *Contreraz v. Director of CDCR*, Case No. 1:04-cv-06039-LJO-GSA, 2013 WL 1151939, at *1-2 (E.D. Cal. Mar. 19, 2013) (same).

Plaintiff asks the Court "reflect on [the] *Puckett v. Agboli et al.,* record to review … documents as proof of request for voluntary counsel and 9th Circuit Court of Appeals records, etc." (Doc. 12 at 1.) It appears Plaintiff refers to *Puckett v. Agboli*, Case No. 2:14-cv-02776-

1  DAD-DMC.² However, review of the docket in *Agboli* does not support Plaintiff's assertions of
2  incompetence. Plaintiff initiated *Agboli* by filing a complaint on November 25, 2014. Although
3  he requested appointment of counsel, the requests were generally based upon his lack of legal
4  knowledge, his educational background, limited access to the law library, and denial of legal
5  property. (*See, e.g.,* Case No. 2:14-cv-02776-DAD-DMC, Docs. 37, 46, 80, 99, 137, 159.) The
6  Court denied each motion for appointment of counsel, and ultimately Plaintiff represented himself
7  in the jury trial that commenced on September 25, 2023. Plaintiff's assertions of incompetence
8  are contradicted by his ability to litigate his claims in *Agboli*, from the filing of the complaint in
9  2014 through the trial in 2023.³

10  Finally, the record contradicts Plaintiff's assertion that he was indigent "at all times." As
11  discussed above, the Court found Plaintiff had funds sufficient to pay the filing fee only the day
12  before filing this action, but Plaintiff elected to spend these funds differntly. (Doc. 8 at 1; Doc. 9
13  at 2.) Plaintiff fails to establish any extraordinary circumstances to support the request for relief
14  under Rule 60(b)(6).

---

² The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The record of a court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), *aff'd* 645 F.2d 699 (9th Cir. 1981). Accordingly, the Court takes limited judicial notice of the docket and its records in *Puckett v. Agboli*, Case. No. 2:14-cv-02776-DAD-DMC. Toward this end, the Court takes notice of the assertions made by Plaintiff in the action, but not the veracity of his assertions. *See United States v. S. Cal. Edison Co.,* 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004) ("A court can only take judicial notice of the existence of those matters of public record [such as] the existence of a motion or of representations having been made therein[,] but not of the veracity of the arguments and disputed facts contained therein") (emphasis omitted). The Court also takes judicial notice of its records related to Plaintiff's litigation history in the Eastern District from 2019 through 2024.

³ Moreover, the Court's review of its records reveals that Plaintiff filed—and litigated as a *pro se* party— many other cases between July 11, 2018 (the filing date) and November 25, 2024 (the filing of the motion for reconsideration), including: *Puckett v. Barrios*, Case No. 1:20-cv-1405-DAD-BAM (filed on October 2, 2020, and settled at a conference with the Court on July 30, 2021); *Puckett v. Liu*, Case. No. 2:19-cv-2437-TLN-CKD (filed on December 4, 2019, and closed upon Plaintiff's request for voluntary dismissal on March 23, 2022); *Puckett v. Diaz*, Case. No. 2:21-cv-0294-WBS-JDP (filed on February 16, 2021, and closed following Plaintiff's request for voluntary dismissal on March 1, 2023); *Puckett v. Kelso*, Case No.1:23-cv-00540-HBK (filed September 20, 2021); *Puckett v. Heath*, Case. No.2:22-cv-04760DJC-CKD (filed March 14, 2022); *Puckett v. Moreno*, Case No. 2:22-cv-0650-JDP (filed April 13, 2022); *Puckett v. Caitlin*, Case No. 2:23-cv-0210-JDP (filed February 3, 2023); and *Puckett v. Lynch*, Case No. 2:23-cv-093-KJM-SCR (filed May 15, 2023). Plaintiff's assertion of incompetence is belied by his ability to litigate other actions during the relevant period. *See Arellano v. Hodge*, 2024 WL 1298066, at *9 (S.D. Cal. Mar. 25, 2024) (finding the plaintiff's ability "to litigate his other cases in or around the time he was allegedly experiencing a severe mental breakdown…" undermined his assertion that he was entitled to relief under Rule 60 due to his mental health issues).

### C. Failure to comply with Local Rule 230

Local Rule 230(j) requires that applications for reconsideration set forth "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Plaintiff's motion does not meet these requirements. He does not identify any newly discovered evidence or show the Court committed a clear error, and there has been no change in the controlling law. Under these circumstances, "[a] motion for reconsideration should not be granted." *Marilyn Nutraceuticals*, 571 F.3d at 880.

## IV. Conclusion and Order

For the reasons discussed above, the Court **ORDERS**:

1. Plaintiff's motion reconsideration (Doc. 12) is **DENIED**.
2. <u>The case shall remain closed</u>, and the Court will not consider any further filings in this action.

IT IS SO ORDERED.

Dated: __December 12, 2024__                         _____
                                                     UNITED STATES DISTRICT JUDGE